**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ESFOR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DR. CHIE HAYASHI and PERIO HEALTH INSTITUTE PACIFIC-RIM, LLC,<br><br>Defendants. | Superior Court Case No. <u>CV0433-20</u><br><br>**DECISION AND ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE LIABILITY AND DAMAGES AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| PERIO HEALTH INSTITUTE PACIFIC-RIM, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>ESFOR, LLC,<br><br>Counterclaim-Defendant. | |

In this dispute concerning the lease of commercial property, both parties move for summary judgment on Plaintiff Esfor, L.L.C.'s breach of contract claims. Additionally, Defendants Dr. Chie Hayahi and Perio Health Institute Pacific-Rim, LLC move for summary judgment on various claims and defenses. Having reviewed the parties' arguments, the Court DENIES Esfor's Motion for Summary Judgment Re Liability and Damages. It also GRANTS Defendants' Motion for Summary Judgment concerning the force majeure clause, but DENIES Defendants' Motion on all other grounds.

## I.   PROCEDURAL BACKGROUND

Esfor has sued Defendants for fraud, breach of contract, and breach of the covenant of

good faith and fair dealing; Perio Health has counterclaimed for breach of contract. Esfor moves for summary judgment on the issues of liability for breach of contract and contract damages. Defendants also move for summary judgment on all of Esfor's claims. The Court heard oral arguments on September 15, 2021.

## II.    UNDISPUTED FACTS

1. Dr. Hayashi is a specialist in dental implants and periodontics. Decl. Counsel for Pl., Ex. B at at ES0034 (May 17, 2021); Decl. Chie Hayashi ¶ 8 (June 15, 2021).

2. She is the General Manager of Perio Health. Decl. Counsel for Pl., Ex. B at ES0014; Decl. Chie Hayashi ¶ 2.

3. In 2018, Perio Health obtained a Guam business license for dental consultancy work. Decl. Counsel for Pl., Ex. B at ES0023.

4. In 2019, Dr. Hayashi passed the Guam Board of Examiners for Dentistry's diagnostic and clinical skills examination. However, DPHSS still required her to obtain an immigration visa to be eligible to practice on Guam. Decl. Jon Visosky, Ex. E (May 17, 2021).

5. In the spring of 2019, Perio Health entered discussions to purchase Dr. Robert Gatewood's practice located at the Reflection Center, but the sale could not progress due to an unrelated federal investigation. Decl. Counsel for Pl., Ex. B at P-0265.

6. In September and October 2019, Dr. Hayashi and her associates engaged in discussions via email with realtor Liz Duenas regarding a lease for commercial space in the Teja Building. Decl. Pl.'s Counsel Re Discovery Production, Ex. 1 at P-0426, P-0445, P-0463, P-0471 (June 15, 2021). Esfor owns the Teja Building. Decl. Esfor (May 17, 2021); Decl. Counsel for Pl., Ex. B at ES0001.

7. On October 12, 2019, Dr. Hayashi informed Duenas that she believed it would take two months to receive her visa and at least one month to receive her dental license. Decl. Pl.'s Counsel Re Discovery Production, Ex. 1 at P-0471. They discussed including language that the Teja building lease would be contingent on Dr. Hayashi's visa and license approval. *Id.* at P-0426.

8. In October 2019, the parties executed a five-year Lease Contract for four units on the third floor of the Teja Building. Decl. Counsel for Pl., Ex. B at ES0001-ES0016.

9. The first page of the Lease Contract stated that the Lease is "made . . . by and between ESFOR, LLC . . . and Dr. Hayashi Chie . . . hereinafter referred to as 'Lessee.' Dr. Hayashi Chief, D.D.S., is the duly representative of Period Health Institute, Pacific Rim LLC." Decl. Counsel for Pl., Ex. B at ES0001.

10. At the Lessee's signature block, the Lessee is identified as "Dr. Chie Hayashi DDS, General Manager of Perio Health Institute Pacific Rim LLC." Decl. Counsel for Pl., Ex. B at ES0014.

11. The parties agreed that the "premises shall be used and occupied for the following and no other purposes without the prior written consent of Lessor: **DENTAL CLINIC**". Decl. Counsel for Pl., Ex. B as ES0004.

12. The Lease Contract contained a Force Majeure clause. Decl. Counsel for Pl., Ex. B at ES0011.

13. The Lease Contract required the Lessee to maintain "a valid business license from the Government of Guam." Decl. Counsel for Pl., Ex. B at ES0013.

14. Paragraph 42 under the Lease Contract, titled "**WORKING VISA & GUAM BUSINESS LICENCING**," stated:

> Notwithstanding anything to the contrary contained in this Lease Agreement, this Lease and the duties and obligations contained herein are contingent upon the Tenant/Lessee obtaining all necessary U.S. visas and Guam dental license to proceed with obtaining the above-mentioned premises. In the event that the Tenant/Lessee does not obtain such visas and licenses before January 31, 2020 then this Lease Agreement shall terminate and neither party shall have any further obligations hereunder unless otherwise agreed to in writing by the Landlord/Lessor and Tenant/Lessee.

Decl. Counsel for Pl., Ex. B at ES0013.

15. The Lease Contract stated that the Tenant is required to pay two months of rent and two months for a security deposit by October 21, 2019. *Id.* at ES0016.

16. The Lease Contract included a "holding period" from October 1, 2019, until January 30, 2020, and a "build-up period" from February 1, 2020, until May 30, 2020. *Id.*

17. A Commercial Lease Contingency Addendum also accompanied the Lease Contract. The tenant is identified as Perio Health; Dr. Hayashi signed it as the Lessee. Decl. Counsel for Pl., Ex. B at ES0017.

18. The Contingency Addendum repeated the language from the "**WORKING VISA & GUAM BUSINESS LICENCING**" section of the Lease Contract. Decl. Counsel for Pl., Ex. B at ES0017.

19. The Contingency Addendum also provided that the Lessee could elect to terminate the Lease Agreement in writing by January 31, 2020. Decl. Counsel for Pl., Ex. B at ES0017.

20. On November 20, 2019, a month after Defendants signed the Lease Contract with Esfor, Dr. Gatewood informed Dr. Hayashi that his office space at the Reflection Center would be available in January 2020. Dec. Counsel for Pl., Ex. G, Depo. Ex. 70.

21. On December 12, 2019, Dr. Gatewood notified Dr. Hayashi that he was open to continuing negotiations to sell his practice. Dec. Counsel for Pl., Ex. G, Ex. 71. Dr.

Hayashi responded that she had already signed a lease agreement for the Teja Building. *Id.*

22. On January 31, 2020, the parties executed an addendum, which amended paragraph 42 of the Lease Contract to extend the January 31, 2020 deadline to March 30, 2020. Decl. Counsel for Pl., Ex. B at ES0018.

23. On March 3, 2020, Dr. Hayashi wrote to the owner of the Reflection Center, Dr. Francisco San Nicolas, asking to reapply to lease Dr. Gatewood's space at the Reflection Center. Decl. Pl.'s Counsel Re Discovery Production, Ex. 4 at SN0009.

24. The United States Government issued an E-2 visa to Dr. Hayashi on March 12, 2020. Decl. Counsel for Pl., Ex. B at H-001. The visa identified Perio Health Institute Pacific as the business under which Dr. Hayashi was admitted. *Id.* She received the visa on March 14, 2020. Decl. Counsel for Pl., Ex. B, Depo. Ex. 32.

25. On March 15, 2020, Dr. Hayashi gave notice of termination of the Lease Contract with Esfor. She stated: "Unfortunately, I will not obtain my visa and license before March 30, 2020." Decl. Chie Hayashi, Ex. 5.

26. In mid-March 2020, the island of Guam went under a state of emergency.

27. On April 4, 2020, Dr. Hayashi emailed her visa to Mae Pangelinan and Dr. Tony Rapadas of DPHSS. Decl. Counsel for Pl., Ex. B at H-0300. Two days later, Dr. Hayashi sent a follow-up email to Dr. Rapadas to confirm his receipt of her visa and requested the issuance of the license. *Id.*

28. On or about April 20, 2020, Dr. Hayashi received a Guam Board of Examiners for Dentistry certification to practice. Decl. Jon Visosky, Ex. F. On the same date, she also

received DPHSS' confirmation that she satisfied DPHSS' visa requirements to practice and was now eligible to practice on Guam. *Id.*

29. On May 8, 2020, Dr. Hayashi received a proposal to rent Suite 303 in the Reflection Center for one year, with an option for a one-year renewal. The rent amount was $26,109.00 for the first year and $35,548.56 for the second year--less than the amounts Defendants agreed to pay under the Esfor lease. Decl. Counsel for Pl., Ex. B at Ex. 40. Defendants signed a lease agreement with Reflection Center that same day and purchased Dr. Gatewood's dental office equipment. Dec. Counsel for Pl., Ex. B at Exs. 41, 42.

30. On or about June 17, 2020, Dr. Hayashi received a specialty license from DPHSS to practice periodontics. Decl. Chie Hayashi, Ex. 2.

31. Since receiving Dr. Hayashi's notice of termination, Esfor has marketed, advertised, and showed the premises. Decl. Esfor (May 17, 2021). However, it has not received any offers to lease the space. *Id.*

32. Under the five-year term of the Lease Contract, Esfor expected to receive $365,838.20 in rent. After applying $13,076.00 from the security deposit, Esfor claims that the balance due is $357,762.20, in addition to reasonable legal fees and costs. *Id.*

## III. LAW AND DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Under Guam Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine "dispute as to any material fact." GRCP 56(c). The "materiality" of

particular facts is determined by the pleadings and the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Finally, the Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

## B. ESFOR'S BREACH OF CONTRACT CLAIM

The parties present various arguments for why summary judgment is appropriate on Esfor's claim that Defendants breached the Lease Contract. The Court addresses each in turn.

### 1. There remain issues of fact regarding whether Dr. Hayashi is a party to the agreement.

Dr. Hayashi first argues that summary judgment is appropriate on Esfor's claim for breach of contract against her in her individual capacity. She contends that she is not a party to the agreement with Esfor but rather a representative of Perio Health. To analyze this issue, the Court must consider principles of agency law.

Under Guam law, an agent is generally not liable when the agent acts on behalf of a disclosed principal. 18 GCA § 20301. However, an agent can be liable to a third party for acts in the course of the agency if, with his consent, "credit is given to him personally in a transaction." 18 GCA § 20402; *see also Warington Lumber Co. v. Fullerton Mortg. & Escrow Co.*, 35 Cal. Rptr. 423, 425 (Ct. App. 1963) ("Where an agent intentionally makes himself a party to a contract, recovery can be had against him as well"); *Hollywood Nat. Bank v. Int'l Bus. Machines Corp.*, 113 Cal. Rptr. 494, 500 (Ct. App. 1974) ("An agent who signs an agreement in his own name is personally liable unless he indicates 'on the writing itself . . . his intention to bind the principal only.'").

While the Lease Contract notes that Dr. Hayashi is the representative of Perio Health, the document also identifies her as the "Lessee" in multiple places. She also signed the Lease

Contract, the Addendum, and the Contingency Addendum under her name and without reference to Perio Health. When viewed in a light favorable to Esfor, these undisputed facts support the argument that she acted in her individual capacity. Therefore, the issue of the scope of her agency must be determined by the fact-finder. Dr. Hayashi's motion for summary judgment is DENIED in this respect.

### 2. There remain issues of fact on whether Dr. Hayashi failed to obtain all necessary U.S. visas and Guam dental licenses by March 30.

The parties both argue that summary judgment is appropriate based upon Dr. Hayashi's failure to obtain a dental license. Defendants point to the contingency exception and argue that the Lease Contract terminated when Dr. Hayashi failed to obtain her license to practice dentistry by March 30, 2020. They contend that, once the lease terminated, they had no further obligations under the Lease Contract and Esfor's breach of contract claim fails, as a matter of law. Esfor, on the other hand, claims that Dr. Hayashi undisputedly breached the contract by failing to act in good faith in obtaining the license.

This analysis requires interpreting the provision of the Lease Contract whereby "the Tenant/Lessee obtain[s] all necessary U.S. visas and Guam dental license ....", and specifically, the meaning and effect of the term "obtain." Decl. Counsel for Pl., Ex. B at ES0013. Guam statutory law prescribes the methods this Court must employ in analyzing the parties' lease agreement. First and foremost, the Court must give effect to the parties' mutual intent based on the writing alone. *See* 18 GCA §§ 87102, 87105. The Court must consider the whole of the contract, applying an ordinary and popular meaning to the words within. *See* 18 GCA §§ 87106, 87110. In addition, the Court should consider the circumstances under which the parties made the contract. *See* 18 GCA § 87113.

Here, the Lease Contract does not define "obtain." Since the term is not defined in the parties' writing, the Court turns to its ordinary and plain meaning. According to a common dictionary definition, "obtain" means to "gain or attain usually by planned action or effort." *Obtain*, MERRIAM-WEBSTER.COM DICTIONARY, https://bit.ly/3BJCxsK.[1] As applied to the whole of the contract, the use of "obtain" required Dr. Hayashi to take certain steps to procure her dental license. This included passing an examination, obtaining a visa, and applying to DPHSS for the license.

Under Defendants' interpretation, "obtain" means to "receive;" but as just explained, Defendants' argument only partially addresses the plain meaning of the term. Under its plain meaning, "obtain" connotes more than receipt; it implies some degree of planned action or effort. Accordingly, the Court finds that an issue of material fact remains as to whether Dr. Hayashi's efforts, or lack thereof, impact Defendants' performance under the Lease Contract. Defendants' Motion is therefore DENIED on the issue of breach of contract.

Turning to Esfor's request for summary judgment on its breach of contract claim, the Court notes that Esfor's argument that Defendants were under an obligation to act in good faith in performing the contract appears to be misplaced under its claim for breach of contract. *See Gov't of Guam v. Kim*, 2015 Guam 15, ¶ 54 (holding that in contract law, "willful breaches are not generally distinguished from other breaches..." rather, "[i]nstead of seeking to punish a party for breach of contract, courts traditionally seek to compensate a plaintiff for the loss resulting from the breach"). Under a claim for breach of contract, the Court looks only to whether the

---

[1] Esfor requests that the Court construe any ambiguities in the language of the contract against the Defendants on the theory that Defendants--through their broker--drafted the contract. There is some legal support for this proposition: a contract may be strongly construed against a party who caused the uncertainty to exist. *See* 18 GCA § 87120. However, section 87120 by its terms activates only when other rules on contract interpretation fail to remove the uncertainty. By employing the plain language method to resolve the definition of the term "obtain," the Court need not employ section 87120 to understand that particular provision.

Defendant breached under the terms of the contract. Here, there are no terms requiring that Defendants make a good faith effort to obtain the license. Accordingly, while Esfor may still argue that Defendants are liable for failing to act with good faith under a theory of breach of the implied covenant of good faith and fair dealing or for fraud, the Court does not find that Defendants had an affirmative contractual duty to act in good faith when obtaining a dental license under the Lease Contract and DENIES Esfor's motion on these grounds.

### 3. Defendants are not estopped from arguing that the contingency exception applies.

Esfor argues that all elements of the doctrine of equitable estoppel are established as a matter of law, and Defendants are estopped from availing themselves of the contingency exception. Specifically, Esfor contends that Dr. Hayashi misrepresented that she was not able to obtain her license by the termination date and Defendants used the contingency exception as a self-serving pretext to termination in order to enter into a cheaper lease with the Reflection Center. In support of its argument, Esfor points to the uncontested facts that Dr. Hayashi obtained all the necessary documentation to obtain her dental license by March 14, 2020; Dr. Hayashi sent the termination letter prior to the termination date; and that Dr. Hayashi made efforts to secure the Reflection Center space prior to March 30, 2020. Esfor alleges that it relied on this misrepresentation to its detriment.

Case law applying the doctrine equitable estoppel has set forth four elements that must be proven: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon; (3) the party asserting the estoppel must be ignorant of the true state of the facts; and (4) he must rely upon the conduct to his injury." *Mobil Oil Guam, Inc. v. Young Ha Lee*, 2004 Guam 9 ¶ 24

Esfor's argument hinges on a finding that Dr. Hayashi misrepresented that she would not be able to obtain her dental license prior to the termination date. Esfor believes that Dr. Hayashi obtaining her Visa prior to the termination date is sufficient proof that she satisfied the contingency. Defendants argue, however, that Dr. Hayashi could not operate the clinic by the March 30 deadline because it took even longer for her to acquire her specialty periodontal license. The Court also notes that DPHSS took approximately sixteen days after Dr. Hayashi sent her visa to issue the dental license and that Dr. Hayashi informed Duenas that the DPHSS takes at least one month after submitting her visa to DPHSS for it to issue her license.

In the light most favorable to Defendants, the Court finds that an issue of material fact exists as to whether Dr. Hiyashi misrepresented that she could not obtain her license prior to the termination date. Plaintiff's Motion for Summary Judgment on its breach of contract claim based on a theory of equitable estoppel is therefore DENIED.

While an issue of material fact exists as to which license Dr. Hayashi needed under the Lease Contract, the Court nonetheless finds that Dr. Hayashi's existing business license for a dental consultancy does not satisfy the requirement to obtain a necessary license. The plain language of the Lease Contract explains that she will be operating a "dental clinic." The Court construes a "dental clinic" to be different from a "dental consultancy"--a clinic implies that she will be treating patients, whereas a consultancy implies that she would be consulting patients. Moreover, Dr. Hayashi first acquired the consultancy license in 2018--in other words, she had that license in hand while she negotiated and signed the Esfor lease agreement. Because the lease calls for her to obtain a necessary license by March 30, and because she already had a consultancy license, the Court finds that the lease contemplated that more than her consultancy license was needed for her to operate the clinic.

## C. DAMAGES FOR BREACH OF CONTRACT

Esfor moves for partial summary judgment on the issue of breach of contract damages.

Both parties, however, took the position at the hearing that the Court could not render a decision

on damages if it ruled against Esfor on the issue of breach of contract liability. Generally, the

Court disagrees with the parties' positions. Guam Rule of Civil Procedure 56(d) tasks this Court

with the duty to narrow the disputed issues for trial:

> If on motion under this rule judgment is not rendered upon the whole case or for
> all the relief asked and a trial is necessary, the court at the hearing of the motion,
> by examining the pleadings and the evidence before it and by interrogating
> counsel, shall if practicable, ascertain what material facts exist without
> substantial controversy and what material facts are actually and in good faith
> controverted. It shall thereupon make an order specifying the facts that appear
> without substantial controversy, including the extent to which the amount of
> damages or other relief is not in controversy, and directing such further
> proceedings in the action as are just. Upon the trial of the action, the facts so
> specified shall be deemed established, and the trial shall be conducted
> accordingly.

While this Court was initially inclined to render a ruling on the amount of damages Esfor

could receive should it prevail on trial, Esfor appeared to waive the Court's determination in the

event it lost on its motion. Due to Esfor's waiver, the Court will decline to render a decision on

potential damages, despite that issue being unopposed in the briefings. Accordingly, the Court

DENIES Esfor's motion for partial summary judgment on the issue of breach of contract

damages.

## D. COVENANT OF GOOD FAITH AND FAIR DEALING

Defendants move for summary judgment on Esfor's claim that Defendant breached the

covenant of good faith and fair dealing. According to Defendants, because the covenant does not

impose duties in addition to those specified in a contract, and because Defendants did not breach

the contract, they similarly could not violate the covenant.

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010). While the covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement..." it may act as a "supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Id.*

Here, as stated above, an issue of material fact remains as to whether Defendants breached the contract by failing to obtain the dental license. Based on those disputed facts, an issue of material fact also remains as to whether Defendants' conduct frustrated Esfor's rights to the benefits of the agreement. Accordingly, the Court DENIES Defendants' motion for summary judgment on Esfor's allegation that Defendants violated the covenant of good faith and fair dealing.

### E. FRAUD

Defendants next ask that, if the Court finds that Defendants did not breach the lease, then the Court also find that they could not have committed fraud. Because the Court finds that the breach of contract claim must be resolved at trial and Defendants present no additional argument, the Court declines to address whether summary judgment is appropriate for Esfor's fraud claim. Accordingly, the Court DENIES Defendants' motion for summary judgment on Esfor's fraud claim.

### F. FORCE MAJEURE

In its opposition to the Defendants' Motion, Esfor asks that summary judgment be

rendered in its favor in the application of the force majeure clause in the Lease Contract. The force majeure clause here provided that if a party failed to fulfill a contractual obligation due to an act of God or other circumstances beyond the party's control, the failure may be excused for a reasonable time to resume performance. According to Esfor, if Dr. Hayashi claims that the pandemic delayed her ability to get her business license by March 30, 2021, then the force majeure clause tolled that deadline.

In a recent opinion, *Palmer v. Mariana Stones Corp.*, 2021 Guam 5, the Guam Supreme Court equated a force majeure clause to an affirmative defense. According to the court, a party who wishes to excuse performance has the burden of proving the defense. *Id.* ¶ 17. In other words, the clause is advanced by the non-performing party.

In trying to excuse the other party's performance, Esfor is using the force majeure clause not as its own affirmative defense, but instead as a claim. Defendants, on the other hand, have not asked the Court to excuse their failure to perform under the force majeure clause. Since the clause must be invoked by a non-performing party, it is not applicable under these circumstances. Accordingly, the Court GRANTS summary judgment in regards to the application of the force majeure clause in the Lease Contract.

## IV.    CONCLUSION AND ORDER

The Court finds that genuine issues of material fact prevent the issuance of summary judgment on the issues of Dr. Hayashi's agency, breach of contract, breach of contract damages, breach of the covenant of good faith and fair dealing, and fraud. The Court therefore DENIES both parties' Motions for Summary Judgment.

The Court, however, GRANTS summary judgment in favor of Defendants on the inapplicability of the force majeure clause.

SO ORDERED this 22nd day of November 2021.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

Date: _____ Time: _11/22/2_
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daniel J. Berman, Esq., Berman Law Firm for Plaintiff/Counterclaim Defendant Esfor, LLC
Jon A. Visosky, Esq., Roberts Fowler & Visosky, LLP, for Defendants Dr. Chie Hayashi and
      Counterclaimant Perio Health Institute Pacific-Rim, LLC